**FILED**

MAR 1 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

A JURY TRIAL IS DEMANDED

PATRICK HENRY BUSH, #311-762
30420 REVELLS NECK ROAD
WESTOVER, MD 21890,
　　　　　　Plaintiff

v.

JAMES Q. BUTLER, ESQUIRE
818 18th Street N.W., Ste. 1010
Washington, D.C. 20006;

CHRISTINE GREEN, ESQUIRE
818 18th Street N.W., Ste. 1010
Washington, D.C. 20006;

YANIQUE MOORE, Inv. Rptr.
818 18th Street N.W., Ste. 1010
Washington, D.C. 20006;

CHRISTIAN CIVIL LIBERTIES UNION
818 18th Street N.W., Ste. 1010
Washington, D.C. 20006; and,

TEN UNKNOWN JOHN DOES,
818 18th Street N.W., Ste. 1010
Washington, D.C. 20006
　　　　　　Defendants
(Each Defendant is Sued in their
Personal Capacity)

Case: 1:07-cv-00512
Assigned To : Unassigned
Assign. Date : 03/19/2007
Description: PATRICK HENRY BUSH V. DAMES Q. BUTLER, et al.,

Legal Malpractice;

Fraudulent Misrepresentation;

Negligent Misrepresentation;

Constructive Fraud;

Breach of Contract;

Civil Conspiracy;

Intentional Infliction
of Emotional Distress;

Breach of Implied Warranty;

Conspiracy to Violate
Civil Rights;

Failure To Prevent Conspiracy; and,

Breach of Fiduciary Duty;

IN THE AMOUNT OF: $7,500,000.00

CASE RE-ASSIGNED TO: LAMBERTH, J. RCL
MAY 1 0 2007

COMPLAINT AND JURY TRIAL DEMAND

Jurisdiction

1. The jurisdiction of this court is founded on Title 42, U.S.C. §1985(3), §1986 and Diversity of Citizenship. Plaintiff is a citizen of the State of Maryland and the defendants are citizens

**RECEIVED**

FEB 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

-2-

of and a corporation operating and with its principal place of business in the District of Columbia. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28, U.S.C. §1332(a). Jurisdiction is also founded on 28 U.S.C. §1367, to the extent applicable.

## Venue

2.   This court's venue is founded on Title 28, United States Code, §1391 as all of the defendants are citizens of the District of Columbia and are conducting their principal corporate business within the District of Columbia.

## Parties

3.   Plaintiff, PATRICK HENRY BUSH, is a citizen of the United States of America and the State of Maryland who is, presently, incarcerated at the Eastern Correctional Institution in Westover, MD 21890.

-3-

4.   Defendants are listed in the above-caption page. Defendant, JAMES Q. BUTLER, is an attorney and citizen of the District of Columbia who is licensed to practice law herein.   Defendant, CHRISTINE GREEN, is also an attorney-at-law and citizen of the District of Columbia, licensed to practice law herein and in the State of Maryland.   Together defendants, BUTLER and GREEN, are practicing partners with the defendant, CHRISTIAN CIVIL LIBERTIES UNION, a corporation, having its principal place of business in the District of Columbia and being operated under the immediate control and directions of defendants, BUTLER and GREEN, jointly. Defendant, YANIQUE MOORE, is an investigative reporter actively employed by each of the defendants, severally.   Each defendant is being sued in their personal and professional capacity, as applicable (The corporate defendants are being sued as such). Defendants, TEN UNKNOWN JOHN DOES, are citizens of the District of Columbia and entities of the District of Columbia having their principal place of business in the District of Columbia and are, otherwise, unknown to the plaintiff at this time.   Upon the plaintiff's information and belief, the defendants at all times relevant acted jointly and severally in concert with each other as hereinafter described and caused the plaintiff damages.   All of the defendants are citizens of the District of Columbia.

-4-

## Background

5.    On or about March 20, 2006, defendants solicited the plaintiff, PATRICK HENRY BUSH, to be their client through U.S. Mail (brochures, and letters) under the pretense of being post-conviction specialists and licensed attorneys at law.

6.    Defendants' original letter implored the plaintiff to retain their services on the condition that, subject to a "lump sum" payment of $2,500.00, the defendants would provide the plaintiff legal representation in four distinct stages comprising "full service" from petition through appeals to every court up to and including the U.S. Supreme Court.

7.    Stage one of this process was represented by the defendants to the plaintiff as the "Investigation."    At this stage, defendants represented to the plaintiff that the CHRISTIAN CIVIL LIBERTIES UNION (CCLU) would place the case in the hands of the "Justice For all Investigative Journalist," defendant MOORE, who is "On Air" in major markets and that defendants would "look into every facit of the case."    Further, defendants represented "when

-5-

a 'Justice For All' reporter calls a Police Department or witness, people pay attention ...."

8. Stage two was described by the defendants as "Litigation," with defendants representing that "once the case is ready for litigation upon location of a meritorious issue the case is filed in court and the case is featured 'On-Air' (radio)." In addition, defendants represented that during the 'Litigation Stage,' "the client and his/her family comes to the (radio) show and the public learns the facts."

9. Stage three was described as "Appeals." In this stage defendants represented that, "if the lower State Court's do not grant relief, the matter is taken to the higher State courts on appeal."

10. Finally, stage four was described "Federal Habeas." There, the defendants represented to the plaintiff, "If the State courts decline the relief then the matter is taken into Federal courts for full exhaustion of all available remedies in the District, Court of Appeals and U.S. Supreme Court venues."

-6-

11.   Defendants instructed the plaintiff that all fees are paid by money order made payable to the "Mother Company USA."   And, defendants cautioned the plaintiff, further, that "The one-time fee will rise from $2,500.00 to $3,995.00 on April 15, 2006 (purportedly due to some revision process that occurred on February 1, 2006).

12.   In a subsequent letter to the plaintiff, dated May 8, 2006, the defendants included their photographs, copied on their letter-head, advising the plaintiff of their change of address from Falls Church, VA to their present address in the District of Columbia.

13.   On April 6, 2006, and after having received the plaintiff's payment, the defendant (BUTLER) entered a 'Notice of Appearance' with the Clerk of St. Mary's County Circuit Court on plaintiff's behalf.

14.   On or about May 3, 2006, the defendants' original supplemental brief was filed and on or about July 27, 2006, the defendants filed another '"Amended" Supplemental Opening Brief'

-7-

with the court. The original petition was previously filed by the plaintiff pro se; sometimes prior to counsel having entered any appearance.

15. On August 10, 2006, the defendant (BUTLER) wrote the plaintiff a letter threatening to withdraw as counsel because defendant alleged that the Clerk of the Court reprimanded defendant for requesting to have the defendant brought to court a day earlier to allow for ample time for the plaintiff to confer with counsel, personally, before any scheduled hearing would take place (A prior written threat from counsel to the plaintiff was communicated on July 31, 2006).

16. The plaintiff's post-conviction trial was held on October 26, 2006 and relief was later DENIED. The court opined that the plaintiff's claims lacked merit and were, otherwise, described as frivolous.

17. Finally, on November 3, 2006, the defendant filed a motion to withdraw as the plaintiff's counsel. At no time during the duration of the defendants representation did the plaintiff or

-8-

the plaintiff's family attend or appear on any radio programs for the 'public to hear' the plaintiff's case. The plaintiff never met with any investigators, reporters and ultimately was denied the continued and effective assistance of counsel guaranteed by the defendants under the express terms of their solicitation letters and contract for services agreement.

18. At all times relevant, the defendants' pleadings before the trial court were signed on behalf of the defendants, GREEN and BUTLER, as the plaintiff's attorneys; eventhough defendant, BUTLER, was not licensed before the Bar in the State of Maryland, at the time of his representing the plaintiff. The defendant, GREEN, however, was licensed to practice law in the State of Maryland, knew of and authorized the defendants practices, as his partner, etc.

## The Plaintiff's Injuries

19. The defendants' legal malpractice and other acts, errors and omisions have caused significant damage to the plaintiff;

-9-

20.    Plaintiff has suffered severe emotional distress, been subjected to extended incarceration based on a wrongful conviction that the defendants failed to effectively attack and plaintiff has been delayed and denied adequate and reasonable access to the courts by defendants and, thereby, denied his first and only mandatory post-conviction hearing to attack plaintiff's convictions and sentences, etc.

21.    Finally, the plaintiff has been denied his opportunity to have a court of law hear and decide the merits of a post-conviction petition, based on facts, and the opportunity to seek furhter appeals. As importantly, the defendant has been delayed with getting on with his life.

22.    For these reasons and all others that follow, the plaintiff alleges to wit:

-10-

## FIRST CAUSE OF ACTION

### (Legal Malpractice)

23.    Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 22, above, as though stated in full herein;

24.    Defendants were employed as plaintiff's attorneys and investigators;

25.    Defendants owed the plaintiff a duty to effectively and reasonably represent the plaintiff as criminal lawyers;

26.    Defendants breached their duty to effectively and reasonably represent the plaintiff; and,

27.    The plaintiff suffered damages in the amount of SEVEN MILLION FIVE HUNDRED THOUSAND DOLLARS ($7,500,000.00) as a proximate cause of the defendants' acts, errors and omissions.

-11-

## SECOND CAUSE OF ACTION
### (Negligent Misrepresentation)

28.    Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 22, above, as though stated in full herein;

29.    Defendants, while owing a duty of due care to the plaintiff, negligently asserted false statements to the plaintiff;

30.    Defendants intended for the plaintiff to act and rely upon their negligent assertions;

31.    Defendants knew and should have known that the plaintiff would probably rely upon defendants' negligent assertion which, if erroneous, would cause the plaintiff damages;

32.    The plaintiff justifiably relied on the statements and assertions of the defendant; and,

33.    The plaintiff suffered damages in the amount of SEVEN MILLION FIVE HUNDRED THOUSAND DOLLARS ($7,500,000.00) as a proximate cause of the defendants' acts, errors and omissions.

-12-

THIRD CAUSE OF ACTION

(Constructive Fraud)

34.    Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 22, above, as though stated in full herein;

35.    Defendants, as the plaintiff's attorneys made false representations to the plaintiff;

36.    Defendants owed and breached a legal and ethical duty of good faith and fair dealing to the plaintiff;

37.    Plaintiff justifiably relied on the false representations of the defendants; and,

38.    The plaintiff suffered damages in the amount of SEVEN MILLION FIVE HUNDRED THOUSAND DOLLARS ($7,500,000.00) as a proximate cause of the defendants' acts, errors and omissions.

-13-

## FOURTH CAUSE OF ACTION

### (Breach of Contract)

39.    Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 22, above, as though stated in full herein;

40.    Defendants, as the plaintiff's attorneys and investigators were party to a contractual relationship with the plaintiff to provide legal representation and investigative services to the plaintiff;

41.    Defendants owed the plaintiff a duty of due care and fair dealing;

42.    Defendants breached their duty; and,

43.    The plaintiff suffered damages in the amount of SEVEN MILLION FIVE HUNDRED THOUSAND DOLLARS ($7,500,000.00) as a proximate cause of the defendants' acts, errors and omissions.

-14-

## FIFTH CAUSE OF ACTION

### (Breach of Implied Warranty)

44.    Plaintiff cealleges and incorporates by reference the allegations in paragraphs 1 through 22, above, as though stated in full herein;

45.    Defendants, as plaintiff's attorneys and investigators implicitly warranted that they would provide reasonable and competent representation and investigation on the plaintiff's behalf;

46.    Defendants owed the plaintiff a duty of good faith and fair dealing;

47.    Defendants breached their duty; and,

48.    The plaintiff suffered damages in the amount of SEVEN MILLION FIVE HUNDRED THOUSAND DOLLARS ($7,500,000.00) as a proximate cause of the defendants' acts, errors and omissions.

-15-

SIXTH CAUSE OF ACTION

(Conspiracy to Deprive Persons of their Civil Rights)

49.    Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 22, above, as though stated in full herein;

50.    Upon information and belief, the defendants reached an agreement to punish and seek revenge against the plaintiff that included, among other things, interfering with the plaintiff's access to the courts, breaching their contract with the plaintiff and making fraudulent misrepresentations to the plaintiff. Said agreement was motivated by an invidiously discriminatory animus towards those persons who had publicly criticized the defendants' for failing to provide them with competent legal and investigative services.  In doing so, the defendants conspired with Court personnel and John Does 1 through 10, for the purpose of depriving the plaintiff of his rights, privileges and immunities protected under the Constitution and laws of the United States, as set forth above.

-16-

51.    Pursuant to, and in furtherance of their common scheme, defendants unlawfully failed to provide the plaintiff competent legal and investigative services in violation of Title 42, U.S.C. §1985(3).  And, plaintiff suffered damages in the amount of SEVEN MILLION FIVE HUNDRED THOUSAND DOLLARS ($7,500,000.00), exclusive of attorneys' fees and costs, as a proximate cause of the defendants' acts errors and omissions.

-17-

## SEVENTH CAUSE OF ACTION

### (Failure to Prevent Conspiracy)

53.    Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 22, above, as though stated in full herein;

54.    Upon information and belief, the defendants reached an agreement to punish and seek revenge against the plaintiff that included, among other things, interfering with the plaintiff's access to the courts, breaching their contract for legal and investigative services and making fruadulent misrepresentations to the plaintiff. Said agreement was motivated by an invidiously discriminatory animus towards those who had publicly criticized the defendants for failing to provide them with competent and reasonable legal and investigative services. In so doing, the defendants conspired with Court personnel and John Does 1 through 10, for the purpose of depriving the plaintiff of his Sixth and Fifth Amendment rights in violation of 42 US.S.C. §1985(3), as set forth above.

-18-

55.    Upon information and belief, each defendant had knowledge that their common scheme involved interfering with the plaintiff's right to acces to the courts and to a fair trial.

56.    Pursuant to, and in furtherance of their common scheme, defendants unlawfully failed to provide the plaintiff with competent legal and investigative assistance.

57.    Each defendant had power to prevent or aid in preventing the commission of said overt acts, and neglected or refused to do so.

58.    By exercising reasonable diligence, each of the defendants could have prevented the commission of said overt acts;

59.    Upon information and belief, the defendants fraudulently concealed the existence of the plaintiff's cause of action under 42 U.S.C. §1986 by, among other things, conspiring with court personnel and others, which concealment was first discovered by the plaintiff upon learning the law governing such conduct. The defendants' actions, errors and omissions are therefore actionable under 42 U.S.C. §1986; and,

-19-

60.   The plaintiff suffered damages in the amount of SEVEN MILLION FIVE HUNDRED THOUSAND DOLLARS ($7,500,000.00) as a proximate cause of the defendants' acts, errors and omissions.

-20-

NINTH CAUSE OF ACTION

(Civil Conspiracy)

61.    Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 22, above, as though stated in full herein;

62.    The defendants reached an agreement to discredit, punish, seek revenge against and to fleece the plaintiff of monies that included, among other things, making fraudulent misrepresentations to the plaintiff, breaching their contract/agreement terms with the plaintiff and failing to provide the plaintiff competent and reasonable legal and investigative services before the courts of the State of Maryland and the United States.

63.    Pursuant to and in furtherance of their common scheme, defendants unlawfully failed to provide the plaintiff legal and investigative services;

-21-

64.    In their conduct set forth in this complaint, each of the defendants acted outside of the scope of their employment.    The defendants' actions, errors and omissions constituted a civil conspiracy under Maryland common law;

65.    The plaintiff suffered damages in the amount of SEVEN MILLION FIVE HUNDRED THOUSAND DOLLARS ($7,500,000.00) as a proximate cause of the defendants' acts, errors and omissions.

-22-

## TENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

66. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 22, above, as though stated in full herein;

67. Defendants caused the plaintiff to suffer severe emotional distress;

68. Defendants' conduct was extreme and outrageous.

69. Defendants' conduct was intentional, malicious and wanton; and,

70. The plaintiff suffered damages in the amount of SEVEN MILLION FIVE HUNDRED THOUSAND DOLLARS ($7,500,000.00) as a proximate cause of the defendants' acts, errors and omissions.

-23-

## ELEVENTH CAUSE OF ACTION

### (Breach of Fiduciary Duty)

71.    Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 22, above, as though stated in full herein;

72.   Defendants, as the plaintiff's attorneys and investigators, had a fiduciary relationship with the plaintiff;

73.   Defendants owed the plaintiff a duty of trust, good-will and fair dealing.

74.   Defendants breached the duty owed to the plaintiff.

75.    Defendants acted intentionally, maliciously and wantonly; and,

76.    The plaintiff suffered damages in the amount of SEVEN MILLION FIVE HUNDRED THOUSAND DOLLARS ($7,500,000.00) as a proximate cause of the defendants' acts, errors and omissions.

-24-

PRAYER FOR RELIEF

77.   WHEREFORE, the plaintiff requests that the Court enter a judgment in the amount of SEVEN MILLION FIVE HUNDRED THOUSAND DOLLARS ($7,500,000.00), U.S. Currency including, but not limited to:

A.   Compensatory damages for violation of the United States Constitution and laws and Constitution of the State of Maryland in an amount that is fair, just and reasonable;

B.   Punitive damages;

C.   Attorney's fees and costs; and,

D.   All other appropriate relief as may be just and proper.

-25-

## JURY DEMAND

78.  Plaintiff demands a trial by jury for all issues so triable.

Dated:   February 14, 2007

RESPECTFULLY SUBMITTED,

*Patrick Henry Bush*

PATRICK HENRY BUSH, #311-762
Plaintiff's Attorney/Pro,Se
30420 Revells Neck Road
Westover, MD 21890
(410) 845-4000