## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### *Civil Division*

Patrick Henry Bush                     :
                                       :
     *Plaintiff*                    :
                                       :
                                       :
v.                                     :      Case No.: 1:07-CV-00512-PLF
                                       :
James Q. Butler, *et al*.              :
3426 16th Street, N.W.                 :      Judge Paul L. Friedman
Washington, D.C. 20010                 :
                                       :
     *Defendants*.                  :
                                       :

### <u>MOTION TO DISMISS OF DEFENDANT JAMES Q. BUTLER, ESQ.</u>

Defendant, James Q. Butler, Esq., by counsel, hereby moves to dismiss the Complaint in this case pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  As support for this Motion, Defendant states that Plaintiff has failed to state a claim upon which relief can be granted as to the claims raised in the Complaint.  In addition, once the Federal claims are dismissed, the Court will not have subject matter jurisdiction over the common law claims as the parties are not diverse.

As further support for this Motion, the Court's attention is respectfully invited to the Memorandum of Points and Authorities which is attached hereto and incorporated herein by reference.  For the reasons set forth herein, Defendant respectfully requests that the Complaint be dismissed.

Respectfully submitted,

JORDAN COYNE & SAVITS, L.L.P.


By:  __/s/ John Tremain May_____
     John Tremain May #294199
     1100 Connecticut Ave., N.W., Suite 600
     Washington, D.C.  20036
     (202) 496-2805 –  (202) 496-2800 (fax)
     jmay@jocs-law.com
     *Attorneys for Defendant James Q. Butler, Esq.*


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing **Motion to Dismiss Defendant James Q. Butler, Esq.** was electronically filed and mailed, postage prepaid, this 12th day of June, 2007, to:

     Patrick Henry Bush #311-762
     30420 Revells Neck Road
     Westover, MD 21890


     __/s/ John Tremain  May_____
     John Tremain May

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
***Civil Division***

PATRICK HENRY BUSH                    :
                                      :
        *Plaintiff*                   :
                                      :
                                      :
v.                                    :        Case No.: 1:07-CV-00512-PLF
                                      :
JAMES Q. BUTLER, *et al*.             :
3426 16th Street, N.W.                :        Judge Paul L. Friedman
Washington, D.C. 20010                :
                                      :
        *Defendants.*                 :
                                      :

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**MOTION TO DISMISS BY DEFENDANT JAMES Q. BUTLER, ESQ.**

Defendant James Q. Butler, Esq., by counsel, moves to dismiss this case pursuant to

Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedures.  This lawsuit has been filed

by an incarcerated *pro se* Plaintiff against Mr. Butler and others alleging, for the most part, some

form of professional negligence, including legal malpractice.  While Plaintiff asserts many causes

of action against the Defendants, the Complaint fails to allege any specific facts that would

support Plaintiff's vague and conclusory allegations of wrongdoing.

The Complaint generally alleges that Plaintiff retained Mr. Butler to represent Plaintiff in

connection with certain post-conviction efforts in the Circuit Court of St. Mary's County,

Maryland.  The Complaint alleges that Mr. Butler entered his appearance on April 6, 2006, and

filed a Supplemental Brief on May 3, 2006.  An Amended Supplemental Brief was filed on July

27, 2006.  A post-conviction "trial" was allegedly held on October 26, 2006, and the requested

relief was subsequently denied.  Mr. Butler withdrew from the proceedings on November 3,

2006.

I.    PLAINTIFF'S CLAIMS FAIL TO STATE VALID CAUSES OF ACTION

The Complaint is a collection of conclusory and ill-defined causes of action. With respect to the allegations of malpractice, Plaintiff alleges that he was denied the continued and effective assistance of counsel. Complaint ¶ 17. Plaintiff also alleges that Mr. Butler and others committed legal malpractice and other errors. Complaint ¶ 19. In paragraph 26 of the Complaint, Plaintiff alleges that Defendants breached their duties to effectively and reasonably represent the Plaintiff. He also charges Defendants with breaching their duty of due care, Complaint ¶¶ 42 & 47, failing to provide competent legal and investigative assistance, Complaint ¶ 62, and intentionally, maliciously and wantonly breaching their fiduciary duties to the Plaintiff. Complaint ¶¶ 74-75.

Nowhere does plaintiff allege any act or omission by any of the Defendants that would support these conclusory claims. An allegation of negligence is not a fact. It is a conclusion of law based upon the existence of certain facts that, if proved, establish a claim for negligence. Plaintiff fails to allege *any* facts that would support these claims. In addition to the allegations of malpractice, Plaintiff further alleges negligent and intentional false representations. Complaint ¶¶ 29 & 35. The alleged false representations are not specified with the particularity required by Civil Rule 9(b), however.

These allegations simply do not state a claim for any of the torts alleged by the Plaintiff against Defendant Butler. They merely state the elements of general claims of wrongdoing without alleging any specific facts that would support such claims.

The Federal claims asserted in the Complaint suffer from the same defect. Count VI of

- 2 -

the Complaint attempts to assert a violation of 42 U.S.C. §1985(3).  In that Count, Plaintiff

vaguely alleges that the Defendants agreed to interfere with Plaintiff's access to the Courts and

that this agreement was motivated by an "invidiously discriminatory animus towards those

persons that publicly criticized the Defendants for failing to provide them with competent legal

and investigative services."  Complaint ¶50.  The Complaint further alleges that the Defendants

conspired with unnamed Court personnel to deprive Plaintiff of his rights under the Constitution.

*Id.*  In paragraph 51 of the Complaint, Plaintiff alleges that Defendants unlawfully failed to

provide competent legal services and investigative services in violation of 42 U.S.C. §1985(3).

Essentially, Plaintiff is attempting to turn a legal malpractice claim into a violation of the Civil

Rights statutes.

      42 U.S.C. 1985(3) reads, in pertinent part,

> (3) Depriving persons of rights or privileges.  If two or more
> persons in any State or Territory conspire, or go in disguise on the
> highway or on the premises of another, for the purpose of
> depriving, either directly or indirectly, any person or class of
> persons of the equal protection of the laws, or of equal privileges
> and immunities under the laws, or for the purpose of preventing or
> hindering the constituted authorities of any State or Territory from
> giving or securing to all persons within such State or Territory the
> equal protection of the laws; . . . in any case of conspiracy set forth
> in this section, if one or more persons engaged therein do, or cause
> to be done, any act in furtherance of the object of such conspiracy,
> whereby another is injured in his person or property, or deprived of
> having and exercising any right or privilege of a citizen of the
> United States, the party so injured or deprived may have an action
> for the recovery of damages, occasioned by such injury or
> deprivation, against any one or more of the conspirators.

      To state a claim under §1985(3), a Plaintiff must allege and support with the requisite

factual specificity the following elements:

- 3 -

> (1) a conspiracy by the defendants; (2) designed to deprive plaintiff
> of the equal protection of the laws; (3) the commission of an overt
> act in furtherance of that conspiracy; (4) a resultant injury to person
> or property or a deprivation of any right or privilege of citizens;
> and (5) defendant's actions were motivated by a racial or otherwise
> class-based invidiously discriminatory animus.

*Carter v. Cuyler*,  415 F. Supp. 852, 857 (E.D. Pa. 1976)(*citing*, *Griffin v. Breckenridge*, 403

U.S. 88, 102-03, 29 L. Ed. 2d 338, 91 S. Ct. 1790 (1971)).

The allegations in Count VI do not begin to satisfy these elements.  Aside from vague and

conclusory allegations parroting the language of the statute itself, Plaintiff has alleged no facts

that would support these elements.  For example, Plaintiff is required to plead specific facts

supporting the allegations of a conspiracy.  *Id.*; *Smith v. City of New York*, 950 F. Supp. 55, 58

(E.D.N.Y. 1996)("As with a §1983 conspiracy claim, a constitutional conspiracy claim under

§1985 must be pled with some degree of particularity.")   In this case, Plaintiff merely alleges the

existence of an agreement to interfere with the Plaintiff's access to Courts.  There is no

description of the persons allegedly involved in the agreement, the time or the nature of the

agreement.  With respect to the third element of the claim, the commission of an overt act in

furtherance of the alleged conspiracy, Plaintiff does not even describe how the Defendants

allegedly interfered with Plaintiff's access to the Courts.

In addition, Plaintiff alleges that this agreement was motivated by a discriminatory

animus.  Yet, no facts are alleged as to the nature of that discriminatory animus.[1]  Not all forms

of discrimination are protected by §1985(3), and Plaintiff has failed to allege a particular type of

---

[1]  The Complaint appears to allege that the discriminatory animus was directed toward persons that publicly criticized the Defendants.  Complaint at ¶50.  As described below, such persons do not fall within the class of persons protected by the statute.

discrimination that is within the scope of the Statute.

> For a §1985(3) complaint to state a claim upon which relief may be granted, it is well established that "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirator's action."

*Strain v. Citizens Bank & Trust Co.*, 68 F.R.D. 697, 701 (D. La. 1975)(citing, *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S. Ct. 1790, 1798 29 L. Ed. 2d 338 (1971))*.*

It is not sufficient for the Plaintiff merely to allege that he is a member of a protected class.  For example, in *Balthazar v. Atlantic City Medical Center*, 279 F. Supp. 2d 574, 592 (D.N.J. 2003), the Plaintiff alleged that she was an indigent, African-American woman and that Defendants had conspired against her in an attempt to deprive her of medicaid benefits. Nevertheless, the Court held that the Complaint did not provide a factual basis for her claim that the alleged conspiracy was motivated by "racial...or otherwise class-based" animus.  *Id.*   "Stated differently, Balthazar has failed to allege that Defendants have deprived her of any right or privilege because she is African-American."  *Id.*

While the Court must take the allegations in a Complaint as true for the purpose of deciding a Motion to Dismiss, it is not compelled to embrace any conclusion, no matter how implausible, that a plaintiff might seek to draw from those allegations.  See *Cardwell v. Sears Roebuck and Co.*, 821 F. Supp. 406, 409 (D.S.C. 1993)("It is the duty of this court to seek the truth from the facts forming the basis of the plaintiff's claims and not to be beguiled by the conclusory allegations of the pleadings. Bald conclusions unsupported by the facts are insufficient to state a claim.")

In this case, Plaintiff has done nothing more than paraphrase the language of §1985(3) in

- 5 -

an attempt to establish a claim. His allegations fall far short of the mark, however, and this claim must be dismissed.

Count VII repeats the allegations of Count VI and further alleges a violation of 42 U.S.C. §1986. "A cause of action under §1986 may be brought against anyone who had power to prevent or aid in a wrong actionable under §1985 and neglected to do so. Here, plaintiff's failure to state a claim under §1985 is fatal to his §1986 claim." *Smith v. City of New York*, 950 F. Supp. 55, 58 (E.D.N.Y. 1996)(citations omitted). For the same reason, Plaintiff's claim of a violation of §1986 must also be dismissed.

## II.    THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER THE REMAINING COMMON LAW CLAIMS.

If the Court agrees that Counts VI and VII must be dismissed, then the Court should also dismiss all other claims in this case as they are brought pursuant to the diversity statute and the parties in this case are not wholly diverse.

Plaintiff claims, in paragraph 1 of the Complaint, that the jurisdiction of this Court is founded on two federal statutes and diversity of citizenship. The diversity statute appears at 28 U.S.C. § 1332(a)(1), which states, in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different states; . . .

28 U.S.C. § 1332 (a)(1).

It has long been held that this statute requires complete diversity between all plaintiffs and all defendants. "The current general-diversity statute, . . . 28 U.S.C. § 1332 (a), thus applies

only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467, 472, 136 L. Ed. 2d 437, 446 (1996); *Allen v. Rehman*, 132 F. Supp. 2d 27, 29 (D.D.C. 2000).

Although the Complaint alleges, at paragraph 1, that all Defendants are citizens of the District of Columbia, this allegation is incorrect. The caption of the Complaint provides addresses for all of the individual Defendants but incorrectly lists 818 18th Street, N.W. as their address. As shown by the attached Declaration of James Butler, none of the individuals live at that address, which is a business address. Declaration of James Q. Butler at ¶ 2 [attached as Exhibit A]. In fact, Defendant Yanique Moore is a citizen of the State of Maryland. Exhibit A at ¶ 4.

Plaintiff alleges in paragraph 1 of the Complaint that he also is a citizen of the State of Maryland. There is no need for further inquiry. The only basis for subject matter jurisdiction alleged, other than the Federal Statutes discussed above, is diversity jurisdiction. As discussed above, these Federal claims are fatally defective and must be dismissed. Because the parties are not entirely diverse, this Court does not have subject matter jurisdiction over the common law claims and the Complaint must be dismissed in its entirety.

Respectfully Submitted,


JORDAN COYNE & SAVITS, L.L.P.


By:  __/s/ John Tremain  May_____
    John Tremain May #294199
    1100 Connecticut Ave., N.W., Suite 600
    Washington, D.C.  20036
    (202) 496-2805 –  (202) 496-2800 (fax)
    jmay@jocs-law.com
    *Attorneys for Defendant James Q. Butler, Esq.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
*Civil Division*

| | | |
|---|---|---|
| Patrick Henry Bush | : | |
| | : | |
| *Plaintiff* | : | |
| | : | |
| | : | |
| v. | : | Case No.: 1:07-CV-00512 |
| | : | |
| James Q. Butler, et al. | : | |
| | : | |
| *Defendants* | : | |
| | : | |

DECLARATION OF JAMES Q. BUTLER

1.      I am James Q. Butler.  I am managing partner of the Butler Legal Group, PLLP, and a party to this lawsuit.  I have personal knowledge of the facts contained in this Declaration and am competent to testify thereto.

2.      I am a resident of Washington, D.C., although my residence address listed on the Complaint is incorrect.  In fact, none of the individual Defendants reside at 818 18th Street, N.W., which is a business address.

3.      Defendant Yanique Moore is a former employee of my firm.

4.      Not only is the address given for Ms. Moore on the Complaint incorrect, Ms. Moore is not a citizen of the District of Columbia, as alleged.  She is, in fact, a citizen of Maryland and was a citizen of Maryland at the time this lawsuit was filed.



EXHIBIT
A

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 12, 2007.

_____
James Q. Butler

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
*Civil Division*

| | | |
|---|---|---|
| Patrick Henry Bush | : | |
| | : | |
| *Plaintiff* | : | |
| | : | |
| | : | |
| v. | : | Case No.: 1:07-CV-00512-PLF |
| | : | |
| James Q. Butler, *et al*. | : | Judge Paul L. Friedman |
| | : | |
| *Defendants.* | : | |
| | : | |

**O R D E R**

Upon consideration of the Motion to Dismiss by Defendant James Q. Butler, it is this

_____ day of _____, 2007,

ORDERED, that the Motion be, and hereby is, GRANTED; and the it is

FURTHER ORDERED, that the Complaint is hereby dismissed.

_____
United States Judge

cc:

Patrick Henry Bush #311-762
30420 Revells Neck Road
Westover, MD 21890

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
*Civil Division*

| | | |
|---|---|---|
| Patrick Henry Bush | : | |
| | : | |
| *Plaintiff* | : | |
| | : | |
| | : | |
| v. | : | Case No.: 1:07-CV-00512-PLF |
| | : | |
| James Q. Butler, *et al*. | : | Judge Paul L. Friedman |
| | : | |
| *Defendants.* | : | |
| | : | |

**O R D E R**

Upon consideration of the Motion to Dismiss by Defendant James Q. Butler, it is this

_____ day of _____, 2007,

ORDERED, that the Motion be, and hereby is, GRANTED; and the it is

FURTHER ORDERED, that the Complaint is hereby dismissed.


_____

United States Judge

cc:

Patrick Henry Bush #311-762
30420 Revells Neck Road
Westover, MD 21890