UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

RECEIVED
AUG 1 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PATRICK HENRY BUSH, #311-762
    Plaintiff

v.                                    Civil Action No.: 1:07-cv-00512-PLF

JAMES Q. BUTLER, et al.,
    Defendants

## MOTION TO STRIKE MOTIONS TO DISMISS

### Background

The instant action names as defendants, James Q. Butler, Esquire; Christine Green, Esquire; Church of the Brotherhood and Sisterhood of Christian Solidarity, Christian Civil Liberties Union (CCLU); and, Ten Unknown John Does. All known defendants have answered the instant complaint. Service of process was made by the U.S. Marshal.

In their answers, each defendant seeks dismissal based on Fed.R.Civ.P., Rules 9(b), 12(b)(1) and 12(b)(6), respectively. On one hand, defendants assert that this court lacks subject matter jurisdiction and defective service of process by the U.S. Marshal.

-2-

On the other hand, defendants assert that the complaint "fails to state a claim upon which relief can be granted."

By contrast, the complaint states in separate and numbered paragraphs claims based on legal malpractice; fraud; negligence; breach of contract; breach of warranty; civil conspiracy; breach of fiduciary duty; and, intentional infliction of emotional distress. Each claim is separately titled with enumerated paragraphs explaining the facts and elements of each claim. Finally, the plaintiff seeks $7.5 Million Dollars in compensatory and punitive damages, with a trial by jury.

## Discussion

When reviewing a motion to dismiss pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), the court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231 (4th Cir. 1999).

-3-

The complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

Finally, in ruling on the motion, the Court should consider only the allegation contained in the complaint, matters of public record, and other similar materials that are subject to judicial notice. <u>Anheuser-Busch, Inc. v. Schhmoke</u>, 63 F.3d 1305, 1315 (4th Cir. 1995), vac. on other grounds, 517 U.S. 1209 (1996). These torts occured in the State of Maryland; but, the standard of review on motions to dismiss under 12(b)(6) are the same in this court. (citations omitted).

<u>Service of Process</u>

Service of process is governed by Fed.R.Civ.P., Rule 4. In the present case, service of process was made on defendants by the U.S. Marshal. Any defects in service (sic), however, are not fatal.

-4-

This court has discretion to permit service of process by perfected by the U.S. Marshal in any manner necessary, fair and just.

In addition, any defects that the defendants, now, claim have been virtually waived and rendered moot by their answers, notwithstanding. To be sure, no prejudice has occurred to any defendants anywise. For these reasons, plaintiff moves this court to order service by the U.S. Marshal on defendants, "Church of the Brotherhood and Sisterhood of Christian Solidarity, Christian Civil Liberties Union," (CCLU, a Virginia Corporation) at such place and in such manner as is required by law.

-5-

### Failure to State a Claim

The present complaint states a claim upon which relief can be granted. Fed.R.Civ.P., Rule 8(a)(1) and (2) requires a short and plain statement of jurisdiction and of essential facts showing entitlement to relief. Subsection (a)(3) requires, further, a demand for judgment. Rule 8(e) requires pleading to be concise and direct. And, Rule 8(f) requires that all pleadings must be construed to do substantial justice. (emphasis). Gone are the days of formal pleadings, etc. In the instant case, plaintiff alleges claims based on legal malpractice, gross negligence, breach of contract and various other torts. In addition, plaintiff's causes of action track the language and essential elements in the RESTATEMENT (SECOND) OF TORTS. (emphasis).

The elements of a claim for gross negligence are: i) the existence of a duty between plaintiff and defendant; ii) defendants' breach of duty owed to the plaintiff; and, iii) defendants' acted with reckless disregard for human life or rights of others or acted willfully and wantonly. See, Tatum v.Gigliotti, 80 Md. App. 559, 568 (1989); Bowman v. B. & O. R.R., Co., 24 Md. 108 (1866).

-6-

Legal malpractice requires showing: i) Lawyer's employment; ii) Lawyer's neglect of a duty owed to employer/client; and, iii) damages to client proximately caused by lawyer's neglect of duty. <u>Berringer v. Steele</u>, 133 Md. App. 442 (2002).

Without any proof of damages, a breach of contract claim is stated when it is simply alleged that: i) Defendant owed plaintiff a contractual duty; and, ii) Defendant breached duty. <u>Taylor v. Nation's Bank</u>, 365 Md. 166 (2001); <u>Mathis v. Hargrave</u>, 166 Md. App. 286 (2005). Elemental to a claim of breach of fiduciary duty is: i) existence of a fiduciary duty; ii) breach of duty to beneficiary by defendant; and, iii) allegations of harm resulting from breach. <u>Hartlove v. Md. Schools</u>, 111 Md. App. 310 (1996).

Hence, there is a significant difference between stating a claim upon which relief can be granted under Fed.R.Civ.P., Rule 12(b)(6) and proving essential elements at a trial. Cf. <u>Van Royen v. Lacey</u>, 262 Md. 94, 98 (1971)(stating a claim of civil conspiracy); <u>Mackey v. Compass Mktg. Inc.</u>, 391 Md. 117

-7-

(2006)(same); <u>Biser v. Deibel</u>, 120 Md. App. 670 (1999)(negligent misrepresentation); <u>Alleco, Inc. v. Harry & Jeanette Weinberg Foundation</u>, 340 Md. 176 (1995)(intentional misrepresentation and constructive fraud discussed)(quoting, <u>Sheve v. McPherson</u>, 44 Md. App. 398 (1989)(enumerating elements of contructive fraud).

In Maryland, all contracts have an implied warranty. (citations omitted). The thrust, therefore, of the defendants' motion to dismiss is that this court lacks either "diversity of citizenship" or "federal question" jurisdiction. Before addressing their defenses, however, plaintiff respectfully reminds this court of the teachings of <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).

Analogous to the case at bar, the U.S. Supreme Court held that (no matter how inartfully pleaded) allegations of a pro,se complaint of a prisoner ... seeking to recover damages for claimed injuries and deprivation of rights ... were sufficient to entitle him to an opportunity to offer proof [w]here it does not appear beyond doubt that prisoner could prove no set of facts in

-8-

support of his claim which would entitle him to relief.  <u>Haines</u> at 520.

Unless the Court can say with assurance that under the allegations of a "pro, se" complaint, which is held to a less stringent standard than formal pleadings drafted by lawyers, it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief' [h]is complaint should not be dismissed.  Id. at 521 (quoting, <u>Conley v. Gibson</u>, supra.).  With these precepts in mind, the plaintiff moves to strike the defendants' motions to dismiss, in seriatim.

### <u>Diversity of Citizenship</u>

Article III, Sec. 2, Clause I of the U.S. Constitution gives Congress power to vest jurisdiction in federal courts over cases involving a controversy between citizens of different States or between a citizen of a State and an Alien.  See, Title 28, United States Code, Section 1332 et. seq. (Judicial Code); and,

-9-

Louisville, Cincinnati & Charleston R.R., Co. v. Letson, 2 How. (43 U.S.) 497 (1844)(Corporations can be sued under diversity of citizenship statutes); GTC Int'l Holdings, Inc. v. Burns, 2004 WL 2211621 (D.C. Ill. 2004)(nominal parties are disregarded in diversity); Hiram Walker & Sons v. Kirk Line, 30 F.3d 1370 (11th Cir. 1994), cert. denied 514 U.S. 1018.

More specifically, Title 28, United States Code, Section 1332(a)(1) provides that "... The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different States ...."

By defendants own admission, they are not all citizens of the District of Columbia; but, citizens of the District of Columbia and Virginia. Defendant Butler claims to be a resident of the District of Columbia; and, as counsel for CCLU, asserts that the corporate entity is also a citizen of the Commonwealth of

-10-

Virginia. Finally, defendant Green claims to be a citizen of Woodbridge, VA. The plaintiff, of course, is a resident of the State of Maryland. Defendant Yanique Moore is not being sued in the amended complaint as she is not an indispensable party to this suit. Hence, as amended, the present complaint satisfies complete diversity of citizenship. Accordingly, this court has subject-matter jurisdiction over these claims. §1332(a)(1).

## Federal Question

This court has supplemental jurisdiction of all of the tort claims stated in the instant action. See, 28 United States Code §1367 (district courts have discretionary jurisdiction to hear and decide State law claims). In addition, in the present case [i]t has jurisdiction under Title 28, United States Code, Section 1343(a)(3) to address violations of plaintiff's rights secured under 42 U.S.C. §1983 (described more fully in ¶¶48-50 in plaintiff's amended complaint. "Plaintiff's 'SIXTH CAUSE OF ACTION'"

-11-

The crux of the defendants' argument, however, is only their belief that the plaintiff has failed to state a claim under Title 42, United States Code, Sections 1985(3) and 1985, respectively. Because of the present amendment no longer pursues those causes of action upon which the federal question rests, and for all other reasons contained in the instant motion, the defendants' motion to dismiss is moot and aught be stricken.

## Conclusion

FOR THESE REASONS, the defendants' motion to dismiss must be DENIED.

WHEREFORE, I ask for this.

RESPECTFULLY SUBMITTED,

*[signature: Patrick Henry Bush]*

PATRICK HENRY BUSH, #311-762
Plaintiff's Attorney/Pro,Se
30420 Revells Neck Road
Westover, MD 21890
(410) 845-4000

-12-

## Certificate of Service

I HEREBY CERTIFY that a copy of this motion was mailed to the defendants on this 14th day of August 2007.

RESPECTFULLY SUBMITTED,

*Patrick Henry Bush*

PATRICK HENRY BUSH, #311-762
Plaintiff's Attorney/Pro,Se
30420 Revells Neck Road
Westover, MD 21890
(410) 845-4000

Exhibit "C"

| **CCLU** Christian Civil Liberties Union |  |
|---|---|
| 2190 Pimmit Dr. Suite 202, Falls Church, Virginia. 22043 James Q. Butler, Esquire Attorney at Law & General Counsel | |
| (703) 442-6532             www.CCLU.Com | |

Date:    March 10, 2006

Dear Sir:

C.C.L.U. has created a special toll free telephone contact program to help you contact us regarding your case. C.C.L.U. created this program as visiting prisons limited the number of people we could help due to the travel and time involved. Now we can help more people in that same amount of time. The Toll Free program is the first of it's kind, anywhere.

The program allows you to call us for free and talk to a C.C.L.U. lawyer anytime. You may call and ask any question you wish about your case. Our lawyers can look up your case on line, as you are talking to them. We have the most sophisticated databases available. Any question you have will be answered right on the phone, for free.

If you seek the very best in legal assistance, the C.C.L.U. is where you need to be. If there is anyway to reduce your sentence or obtain your release we will find it. We are the only civil rights legal organization with it's own team of investigative journalist who broadcast on the WMET radio network. When our investigators call the courts, prosecutors and police about your case, people listen. *That's the power of the media.* Please see the enclosed material for more information.

**C.C.L.U. has a low cost payment plan, that is explained in the enclosed brochure.**

You may call me on the special **Toll Free** inmate assistance number C.C.L.U. has established for inmate interviews. *The call is free.*

*When you become a client you or your family can call the toll free hotline, anytime to speak with staff about your case.*

C.C.L.U. has Spanish speaking legal staff, habla espanol. *A Spanish version of our literature is enclosed for your use or to pass on to a Spanish speaking friend.*

If you wish to put the power of C.C.L.U. to work for you then show this letter to your correctional counselor and request that your counselor call us toll free at 866-493-6994, any week day between 10AM & 2PM.

**Please take note, that we cannot call your friends or family regarding payment for your case. Your family or friends may call us, if they so desire to arrange payment or find out information on you case progress.**

Very truly yours,

# Destiny Price

Destiny Price
Senior Managing Paralegal
For: James Q. Butler, Esquire
Attorney at Law & General Counsel
Cc:efile.

# CIVIL LIBERTIES

<u>Vol 14 Issue 3 March 2006 *The Newsletter of the Christian Civil Liberties Union*</u>

C.C.L.U. takes great pride in providing you with this months issue of Civil Liberties, the official monthly newsletter of the Christian Civil Liberties Union.

CCLU is the Civil Rights Unit of the Church of the Brotherhood and Sisterhood of Christian Solidarity [B.S.C.S.] based in the Washington D.C. suburb of Falls Church, Virginia.

C.C.L.U. is the only national legal organization to offer its own Radio & Television Investigative News Shows, which gives C.C.L.U. clients and edge no other client has. If you wish to listen tune in every Saturday at 1:00 PM on WMET 1160 AM, or if you would like to hear an archived show just click on Justice For all radio at the bottom of the WWW.CCLU.Com web page.

C.C.L.U. is a Multi Cultural, Multi Ethnic & Multi Racial legal organization. C.C.L.U. is open to anyone, anywhere, of any race, creed or belief who is tired of being ignored and seeks the justice they deserve.

## <u>C.C.L.U. is the World's conscience</u>

Potential Post-Conviction Remedies. Convicted defendants may take a number of steps to challenge guilty verdicts and/or to correct violations of constitutional rights, including motions, appeals and writs. The following list illustrates these steps. A defendant who loses at any of these steps may go on to the next step, all the way up the list (up the legal chain) in a process that can take many years -- especially for serious felonies, such as death penalty cases.

Motion for Acquittal. A request that the judge decide that there is not enough evidence to convict the defendant. Depending on whether the trial is before a judge or jury and depending on court rules, this motion may be made either after the prosecution presents its evidence or after all the evidence is presented.

Motion for a New Trial. Request that trial judge declare a mistrial and grant a new trial.

Appeal to State Appellate Court. Contends that the trial judge made some legal error.

Petition for Rehearing to State Appeals Court. Requests that the appeals court judges change their own decision.

State Supreme Court Appeal. Requests that the highest court in the state review and overturn the decision of the mid-level appeals court.

U.S. Supreme Court Appeal. Requests that the highest court in the nation intervene to correct an error on the part of the state courts that violated the U.S. Constitution.

State Court Habeas Corpus Petitions. Requests that the state appeals courts order the jail or prison holding the defendant to release the defendant upon a showing that the defendant is being held in violation of some state law or constitutional right.

Federal Habeas Corpus (28 U.S.C. ss: 2254) Petition to United States District Court. Requests that the federal court review the defendants case for actual innocence violations of rights guaranteed by the U.S. Constitution.

Appeal of Federal Habeas Corpus Petition to Circuit Court, through a C.O.A. Requests the mid-level federal court to review the lower federal court's decision denying the writ.

Appeal of Federal Habeas Corpus Petition to U.S. Supreme Court, through a Writ of Certiorari. Requests the highest court in the land to review the mid-level federal court's decision denying the writ.

Each of the 50 states have there own unique twists to post conviction law. Some place a time limit on when you can file for post conviction relief and those time limits can be voided if you have competent counsel from BSCS. Post conviction factual and actual innocence questions are a special interest area of C.C.L.U.

B.S.C.S. - C.C.L.U. also offers international treaty transfer assistance to get you back to your home country now. If you are a foreign national and did not have access to your embassy before being questioned that is a important error currently before the U.S. Supreme Court.

### Question: Can you be guilty of a crime and still be innocent ?  Answer: Yes. Read this case.

Schlup v. Delo (93-7901), 513 U.S. 298 (1995).Actual Innocence is procedural, rather than substantive. Schlup's constitutional claims in this case are not based upon his innocence, but rather on his contention that the ineffectiveness of his counsel, see **Strickland v. Washington**, 466 U.S. 668 (1984), and the withholding of evidence by the prosecution, see Brady v. Maryland, 373 U.S. 83 (1963), denied him the full panoply of protections afforded to criminal defendants by the Constitution. Schlup, however, faces procedural obstacles from the State barring his post conviction petition that he must overcome before a federal court may address the merits of those constitutional claims. Because Schlup has been unable to establish "cause and prejudice" sufficient to excuse his failure to present his evidence in support of his first federal petition, see **McCleskey v. Zant,** 499 U.S. 467, 493-494 (1991), [n.29] Schlup may obtain review of his constitutional claims only if he falls within the "narrow class of cases . . . implicating a fundamental miscarriage of justice." Id., at 494. Schlup's claim of innocence is offered only to bring him within this "narrow class of cases."

*What this means to a prisoner is the fact of whether or not you committed a crime is irrelevant. The question is did you receive a fair trial, was your lawyer competent, did your lawyer conduct a full investigation and were all the provisions of Due Process met. In most cases the answer to that question is no.*

C.C.L.U. The Christian Civil Liberties Union is an organization where any Prisoner in any state, may come for help with any criminal case, appeal, prison or other issue they may have. C.C.L.U. has staff, volunteer and Pro Hac Vice counsel available in each of the 50 states. Located in a Washington D.C. suburb C.C.L.U. has access to the attorneys who drafted the laws in Congress. C.C.L.U. has one of the finest legal team talent pools available.

The process begins with the client making a decision that they wish to challenge the injustice that has been inflicted upon them.

If the client is ready to mount a full and total challenge then the client pays the one time fee and the first of the four step process begins. There is no additional charge. The one time fee covers full exhaustion through all meritorious levels.

Step One: The Investigation. C.C.L.U. places the case in the hands of the Justice For All investigative Journalists. These CCLU Investigative Reporters are on the air in major markets and look into every facet of the case. When a Justice For All reporter calls a police department or witness, people pay attention. CCLU investigative journalists find the facts fast.

Step Two: Litigation. Once the case is ready for litigation upon location of a meritorious issue the case is filed in court and the case is featured on the air. The Client and his/her family come on the show and the public learns the facts.

Step Three: Appeals. If the lower State courts do not grant relief the matter is taken to the higher State courts on appeal.

Step Four. Federal Habeas. If the State courts decline relief then the matter is taken into the Federal courts for full exhaustion of all available remedies in the District, Court of Appeals and Supreme Court venues.

The client, may choose either a lump sum or payment plan to pay the fee. Payment plans require the client to pay $995.00 in advance and $150.00 a month for 12 months. The client may choose a lump sum payment of $2,500.00 a savings of $295.00. This fee covers all four steps outlined above. **The one time fee will rise to $3,995.00 on April 15, 2006.** All fees are paid by money order made payable to Mother Company USA. No personal checks are accepted.
NOTE: Fees were Revised 2/1/06

The Christian Civil Liberties Union, 2190 Pimmit Drive, Suite 202, Falls Church, VA. 22043
Website: www.cclu.com  Telephone No: (703) 442-6532   TOLL FREE (866) 493-6994