## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### *Civil Division*

| | | |
|---|---|---|
| PATRICK HENRY BUSH | : | |
| | : | |
| *Plaintiff* | : | |
| | : | |
| | : | |
| v. | : | Case No.: 1:07-CV-00512-PLF |
| | : | |
| JAMES Q. BUTLER, *et al.* | : | |
| 3426 16th Street, N.W. | : | Judge Paul L. Friedman |
| Washington, D.C. 20010 | : | |
| | : | |
| *Defendants.* | : | |
| | : | |

## OPPOSITION BY DEFENDANTS JAMES Q. BUTLER, ESQ., CHRISTINE GREENE, ESQ. AND YANIQUE MOORE TO PLAINTIFF'S MOTION TO STRIKE MOTIONS TO DISMISS

Defendants, James Q. Butler, Esq., Christine Greene, Esq. and Yanique Moore hereby oppose Plaintiff's Motion to Strike Motions to Dismiss. At the outset, Defendants note that a Motion to Strike pursuant to Rule 12(f) is inappropriate as the Motion is not directed towards any pleading filed by these Defendants. Instead, Plaintiff seeks to strike the Motions to Dismiss, which are not defined as pleadings under the Federal Rules. Fed R. Civ. P. Rule 7(a). Nor has Plaintiff presented any grounds pursuant to Federal Rule 12(f) that would support a Motion to Strike. Instead, the Motion appears to be Plaintiff's attempt to oppose the Motions to Dismiss. Defendants will therefore treat the Motion as Plaintiff's Opposition to those Motions to Dismiss.

There is very little to say in reply to Plaintiff's arguments against the Motions to Dismiss, because Plaintiff has offered virtually nothing in opposition to the Motions to Dismiss. Plaintiff argues at pages 5 through 8 of his Motion that the common law claims state viable causes of

action, yet Plaintiff merely recites the elements of the various torts pled, without providing any facts that would support his claims.

As stated in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 167 L. Ed. 2d 929, 2007 U.S. Lexis 5901 (2007), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  127 S. Ct. at 1965, 167 L. Ed. 2d at 940 (citations omitted). Plaintiff's reliance upon the "no set of facts" language of *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) ignores the recent pronouncement by the Supreme Court that, "this famous observation has earned its retirement."  *Twombly,* 127 S. Ct. at 1969, 167 L. Ed. 2d at 940.

Plaintiff essentially ignores the assertions in the Motion to Dismiss that Plaintiff has failed to allege any act or omission by any of the Defendants that would support his conclusory claims.  For this reason, alone, the Motion should be granted.

The Motion to Dismiss also asserted that there was no diversity jurisdiction with respect to the state law claims because Yanique Moore is a resident of the State of Maryland, as is the Plaintiff.  In addition, the Motion pointed out that the Plaintiff failed to allege sufficient facts to state a claim under 42 U.S.C. § 1985 (3) and 1986.  Plaintiff responds to both of these arguments by referencing an unfiled Amended Complaint that supposedly has removed Ms. Moore as a Defendant and replaced the Federal claims with a different claim under 42 U.S.C. §1983. Defendants have reviewed the filings on the docket report in Pacer and have not found any

- 2 -

Amended Complaint filed by Plaintiff.[1]  Based on the Complaint that is currently before the

Court, Defendants' arguments are well founded and further support dismissal of the Complaint.

       For the reasons set forth herein, Defendants respectfully request that the Motion to Strike

be DENIED and that their Motions to Dismiss be GRANTED in all respects.


                            Respectfully Submitted,

                            JORDAN COYNE & SAVITS, L.L.P.


                            By:   /s/ John Tremain  May
                                  John Tremain May #294199
                                  1100 Connecticut Ave., N.W., Suite 600
                                  Washington, D.C.  20036
                                  (202) 496-2805 –  (202) 496-2800 (fax)
                                  jmay@jocs-law.com
                                  *Attorneys for Defendants*

---

[1]  Because an Answer has been filed by Defendant Christian Civil Liberties Union,
Plaintiff may not amend his Complaint without leave of court or written consent of the adverse
party.  Fed. R. Civ. P. 15(a).  Needless to say, no Motion to Amend appears on the docket report.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
*Civil Division*

PATRICK HENRY BUSH            :
                                 :
          *Plaintiff*           :
                                 :
                                 :
v.                                   :    Case No.: 1:07-CV-00512-PLF
                                 :
JAMES Q. BUTLER, *et al.*       :
                                 :    Judge Paul L. Friedman
                                 :
                                 :
         *Defendants.*       :
                                 :

**O R D E R**

Upon consideration of the Plaintiff's Motion to Strike the Motions to Dismiss, and the

Opposition to that Motion, it is this _____ day of _____, 2007

ORDERED that the Motion be and hereby is DENIED.

                                      _____
                                        United States Judge

cc:

John Tremain May #294199
1100 Connecticut Ave., N.W., Suite 600
Washington, D.C.  20036

James Q. Butler
818 18th Street, N.W., Ste. 1010
Washington, DC 20006

(continued next page)

Patrick Henry Bush #311-762
30420 Revells Neck Road
Westover, MD 21890