UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
PATRICK HENRY BUSH,                 )
                                    )
            Plaintiff,              )
                                    )
      v.                            )   Civil Action No. 07-512 (PLF)
                                    )
JAMES Q. BUTLER, ESQUIRE, *et al.*, )
                                    )
            Defendants.             )
_____)

OPINION

Plaintiff, proceeding *pro se*, brings this action against two attorneys, James Q. Butler and Christine Green; Yanique Moore, an investigative reporter; the Christian Civil Liberties Union; and Ten Unknown John Does. Mr. Bush's complaint arises from the defendants' efforts in representing him during legal proceedings in the State of Maryland. The complaint asserts a number of causes of action under federal statutes and common law claims. Defendants move for dismissal.[1] For the reasons stated below, the motions will be granted and the case dismissed.

---

[1] There are three pending motions to dismiss: one filed on behalf of defendant Butler; one filed on behalf of defendants Church of the Brotherhood and Sisterhood of Christian Solidarity and the Christian Civil Liberties Union; and one filed on behalf of defendants Christine Green and Yanique Moore. The plaintiff was notified that he had to oppose the motions to dismiss by Orders dated June 14, 2007 and July 26, 2007. *See Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988). After requesting and receiving an extension of time in which to respond to the motions to dismiss, plaintiff filed a "Motion to Strike Motions to Dismiss" on August 10, 2007, which the Court will treat as an opposition brief.

I.  BACKGROUND

Plaintiff is incarcerated at the Eastern Correctional Institution in Westover, Maryland.  Compl. ¶ 3.  He alleges that on or about March 20, 2006, certain of the defendants solicited him as a client and represented that they were post-conviction remedy specialists.  *Id.* ¶ 5.  Plaintiff agreed to pay defendants $2,500.00 for their services.  *Id.* ¶ 6.  The complaint alleges that these defendants promised to provide full legal representation in state and federal habeas corpus proceedings and to pursue the case to the Supreme Court, if necessary.  *Id.* ¶¶ 6, 8-10.  The Christian Civil Liberties Union agreed to procure the services of defendant Yanique Moore, an investigative reporter, to publicize plaintiff's case.  *Id.* ¶ 7.

On April 6, 2006, defendant Butler filed a notice of appearance on plaintiff's behalf in St. Mary's County Circuit Court in Maryland.  *Id.* ¶ 13.  Thereafter, plaintiff's counsel filed two briefs requesting post-conviction relief.  *Id.* ¶ 14.  Plaintiff claims that defendant Butler threatened to withdraw as counsel for plaintiff on August 10, 2006 because he had been reprimanded by the Clerk of the Court for actions taken on plaintiff's behalf.  *Id.* ¶ 15.  It appears, however, that defendant Butler did not withdraw from the representation at that time.

On October 26, 2006, plaintiff's motion for post-conviction relief was denied.  *Id.* ¶ 16.  Defendant Butler moved to withdraw as plaintiff's counsel on November 3, 2006.  *Id.* ¶ 17.  Plaintiff alleges that he was denied the effective assistance of counsel and that defendant Butler was not licensed to practice law in the state of Maryland.  *Id.* ¶¶ 17-18.

## II.  STANDARD OF REVIEW

Defendants move to dismiss the complaint on the ground that plaintiff has failed to state a federal cause of action upon which relief may be granted, and that the Court lacks jurisdiction over the common law claims because there is not complete diversity of citizenship between the parties.  The Court may dismiss a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure only if it appears, assuming the alleged facts to be true and drawing all inferences in plaintiff's favor, that plaintiff cannot establish "any set of facts consistent with the allegations in the complaint."  *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions . . . Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 127 S.Ct. at 1964-65 (citations and internal quotation marks omitted).  The Court need not "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint.  Nor must the Court accept legal conclusions cast in the form of factual allegations."  *Kowal v. MCI Communications Corp.*, 16 F.3d at 1276.

When deciding a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court may dispose of the motion on the basis of the complaint alone or may consider certain materials beyond the pleadings. "[W]here necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C.

3

Cir. 1992). The Court is not limited by the allegations set forth in the complaint, "but may also consider material outside the pleadings in its effort to determine whether the court has jurisdiction in the case." *Alliance for Democracy v. Fed. Election Comm'n*, 362 F.Supp.2d 138, 142 (D.D.C. 2001). "The plaintiff bears the burden of persuasion to establish subject matter jurisdiction by a preponderance of the evidence." *Rwanda v. Rwanda Working Group*, 150 F.Supp.2d 1, 5 (D.D.C. 2001).

### III.  ANALYSIS

*A.  Federal Claims*

Plaintiff alleges that defendants engaged in a conspiracy to deprive him of his civil rights, in violation of 42 U.S.C. § 1985(3), and failed to prevent a conspiracy, in violation of 42 U.S.C. § 1986. In relevant part, 42 U.S.C. § 1985(3) provides:

> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

In order to bring a claim under Section 1985(3), a plaintiff must show (1) an act in furtherance of (2) a conspiracy (3) to deprive a person or class of person of the equal protection of the laws, or of equal privileges and immunities under the laws. *Alexander v. Washington Gas Light Co.*, 481 F.Supp.2d 16, 31 (D.D.C. 2006) (citation and quotation omitted). "There can be no recovery under § 1985(3) absent a violation of a substantive federal right." *Wiggens v. Hitchens*, 853

F.Supp. 505, 511 (D.D.C. 1994). Furthermore, the statute only applies to conspiracies motivated by some class-based, invidiously discriminatory animus. *Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971); *Robinson v. District of Columbia*, No. 03-1455, 2006 WL2714913, at *2 (D.D.C. Sept. 22, 2006). "This requirement is to be read narrowly to avoid converting Section 1985 into general federal tort law." *McCreary v. Heath*, Civil No. 04-0623, 2005 WL 3276257, at *5 (D.D.C. Sept. 26, 2005).

       The elements of a civil conspiracy are: (1) an agreement between two or more persons; (2) to commit an unlawful action, or to commit a lawful act by unlawful means; (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; and (4) the overt act was done pursuant to a common scheme. *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983); *Valore v. Islamic Republic of Iran*, 478 F.Supp.2d 101, 108-09 (D.D.C. 2007). "[T]he principal element of [a civil conspiracy] is an *agreement* between the parties to inflict a wrong against or injury upon another an overt act that results in damage." *Brady v. Livingood*, 360 F.Supp.2d 94, 104 (D.D.C. 2004).

       Plaintiff's Section 1985 conspiracy claim is that the defendants agreed to punish plaintiff by interfering with his access to the courts, breaching their contract with him, and through fraudulent misrepresentations. Plaintiff further alleges that the defendants' conduct "was motivated by an invidiously discriminatory animus towards those persons who had publicly criticized the defendants[] for failing to provide them with competent legal and investigative services." Compl. ¶ 50.

       To survive a motion to dismiss a Section 1985 claim, plaintiff must set forth more than conclusory allegations of an agreement. *See Brady v. Livingood*, 360 F. Supp.2d at 104

(citing *Graves v. United States*, 961 F. Supp. 314, 321 (D.D.C. 1997) (dismissing claim where plaintiff merely alleged that his former employer "colluded" with the Department of Education to keep him underemployed, without putting forth "any facts showing the existence or establishment of an agreement")) and *Estate of Phillips v. District of Columbia*, 257 F. Supp.2d 69, 83 (D.D.C. 2003), *rev'd in part on other grounds*, 455 F.3d 397 (D.C. Cir. 2006) (dismissing conspiracy claim where plaintiffs failed to specify how the defendants "acted in concert")). To state sufficient facts to support an agreement, plaintiff should allege the existence of any events, conversations, or documents indicating there was an agreement between the defendants to violate his rights. *McCreary v. Heath*, 2005 WL 3276257, at *5.

Plaintiff's claim that there was an agreement between the defendants is deficient. Plaintiff merely concludes that there was an agreement among the defendants to deprive him of access to the courts. Plaintiff provides no description of the persons involved in the agreement, the nature of the agreement, what particular acts were taken to form the conspiracy, or what overt acts were taken in furtherance of the conspiracy. The mere repetition of a conclusory statement that a conspiracy exists and that all the alleged events occurred as a result of a conspiracy are insufficient as a matter of law. *McCreary v. Heath*, 2005 WL 3276257, at *5. Plaintiff has failed to plead sufficient facts from which the Court could infer the existence of a conspiracy between the defendants.

Plaintiff's claim fails for another reason. Plaintiff appears to be alleging that his petition for post-conviction relief was denied by the Maryland state court because of a conspiracy among the defendants. To prove a conspiracy under Section 1985(3), a plaintiff must show that "some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind

the conspirators' actions." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993). Plaintiff must be able to identify a class with common characteristics that has an identifiable existence independent of the fact that it members are victims of defendants' tortious conduct. *Farber v. City of Patterson*, 440 F.3d 131, 136 (3rd Cir. 2006); *Bowman v. City of Franklin*, 980 F.2d 1104, 1109 (7th Cir. 1993). A reasonable person must be able to "readily determine by means of an objective criterion or set of criteria who is a member of the group and who is not." *Aulson v. Blanchard*, 83 F.3d 1, 5-6 (1st Cir. 1996).

The Supreme Court has not decided whether a conspiracy motivated by invidiously discriminatory intent with something other than a racial basis would be actionable under Section 1985(3). *See Griffin v. Breckenridge*, 403 U.S. at 102 n. 9. Since Section 1985(3) was not intended to provide a federal remedy for "all tortious, conspiratorial interferences with the rights of others," or to be a "general federal tort law," the term "class" should be narrowly construed. *See id.* at 101-02. The term "unquestionably connotes something more than a group of individuals who share a desire to engage in conduct that the § 1985(3) defendant disfavors." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. at 269. Thus, the Supreme Court has refused to apply Section 1985(3) to bias based on economic or commercial status, *see United Bhd. of Carpenters & Joiners of America v. Scott*, 463 U.S. 825, 828-29 (1983), or to women seeking abortions. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. at 269.

Plaintiff alleges that defendants' conspiratorial conduct was "motivated by an invidiously discriminatory animus towards those persons who had publicly criticized the defendants[] for failing to provide them with competent legal and investigative services." Compl. ¶ 50. This alleged class – "persons who had publicly criticized the defendants" – is too

amorphous to be adequately identified. As noted above, plaintiff must be able to identify a class with common characteristics that has an identifiable existence independent of the fact that it members are victims of defendants' tortious conduct. *Farber v. City of Patterson*, 440 F.3d at 136; *Bowman v. City of Franklin*, 980 F.2d at 1109. Plaintiff has failed to do so.

Furthermore, in addition to demonstrating discriminatory animus, the plaintiff must show that the conspiracy was "aimed at interfering with rights that are protected against private, as well as, official encroachment." *LaRouche v. Fowler*, 152 F.3d 974, 987 n. 14 (D.C. Cir. 1998) (quoting *Bray v. Alexandria Women's Health Clinic*, 506 U.S. at 263). Plaintiff claims that the federal right violated by the defendants was his First Amendment right of access to the courts. Compl. ¶ 50. Plaintiff alleges that defendants conspired with unnamed court personnel. *Id.*

A prisoner has a fundamental right to access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). To establish a right of access claim, a plaintiff must show that he was hindered in pursuing a cognizable legal claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The complaint must allege that plaintiff "actually lost . . . [an] otherwise valid legal claim [or] that he is unable to raise such a claim in any other proceeding." *Ali v. District of Columbia*, 278 F.3d 1, 8 (D.C. Cir. 2002). A plaintiff must show that an actionable claim has been lost, rejected or prevented from being presented. *Lewis v. Casey*, 518 U.S. at 356; *McCain v. Reno*, 98 F.Supp.2d 5, 8 (D.D.C. 2000). Plaintiff has failed to make such a showing.

Because the complaint fails to state claim under Section 1985, plaintiff also cannot make out a claim under Section 1986. *McCreary v. Heath*; 2005 WL 3276257, at *6; *Thomas v. New World Communications*, 681 F.Supp. 55, 72 (D.D.C. 1988). 42 U.S.C. § 1986

punishes those who have knowingly failed to prevent a conspiracy under Section 1985. If there is no Section 1985 claim, there is no conspiracy to which defendants can be liable for failing to prevent. *Richards v. Duke Univ.*, 480 F.Supp.2d 222, 240-41 (D.D.C. 2007). Therefore, plaintiff's federal claims will be dismissed for failure to state a claim.

### B. Common Law Claims

In addition to his federal claims, plaintiff asserts claims for legal malpractice, negligent misrepresentation, constructive fraud, breach of contract, breach of implied warranty, civil conspiracy under Maryland law, intentional infliction of emotional distress, and breach of fiduciary duty. Because the federal claims will be dismissed, the only basis for this Court's jurisdiction would be diversity of citizenship.[2] But the defendants contend that there is not complete diversity in this case.

Federal courts are courts of limited jurisdiction, possessing only the power conferred by the Constitution and statutes. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). It is not presumed that a cause of action lies within the federal court's limited jurisdiction, and the plaintiff bears the burden of establishing jurisdiction. *Id.*; *Adelman v. UAL, Inc.*, 932 F. Supp. 331, 332 (D.D.C. 1996). When jurisdictional facts are challenged, plaintiff bears the burden of proving the parties' diversity of citizenship. *Naegele v. Albers*, 355 F.Supp.2d 129, 135 (D.D.C. 2005); *Bettis v. Montgomery*, 701 F.Supp. 256, 258 (D.D.C. 1989). In considering whether to dismiss a complaint for lack of jurisdiction, the Court may consider

---

[2] The Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) in light of the dismissal of all asserted federal claims for failure to state claim upon which relief could be granted.

material outside the pleadings. *Hunter v. District of Columbia*, 384 F.Supp.2d 257, 259-60 (D.D.C. 2005).

Common bases for subject matter jurisdiction in a federal district court are federal question jurisdiction (under 28 U.S.C. § 1331) and diversity jurisdiction (under 28 U.S.C. § 1332). *Mays v. Meeks*, 2006 WL 890671, at *3 (D.D.C. April 5, 2006). The federal question jurisdiction statute provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A federal district court does not have federal question jurisdiction over state law torts.

The only jurisdictional basis for plaintiff's cause of action that is apparent from the face of his complaint would be diversity of citizenship. Section 1332(a)(1) provides that "district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States." For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978); *Loughlin v. United States*, 393 F.3d 155, 171 (D.C. Cir. 2004) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 (D.C. Cir. 1983)); *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004). "[T]he citizenship of every party to the action must be distinctly alleged and cannot be established presumptively or by mere inference." *Meng v. Schwartz*, 305 F. Supp. 2d 49 at 55. Diversity of citizenship is assessed at the time the suit is filed. *Freeport- McMoran, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428-29 (1991).

In his complaint, plaintiff states that he is a citizen of Maryland and that all of the defendants are citizens of the District of Columbia. Compl. ¶¶ 3-4. The caption of the complaint lists the same address in the District of Columbia for all defendants. In a declaration, defendant Butler asserts that this address is not a residence but a business address. Deft. Butler's Mot. to Dismiss, Ex. A ¶ 2. None of the defendants reside at that address. *Id.* Moreover, the declaration states that defendant Moore is a citizen of Maryland. *Id.* ¶ 4.

Plaintiff has not produced any evidence to counter defendant Butler's declaration. As such, he has not sustained his burden of showing complete diversity. Therefore, this Court lacks subject matter jurisdiction over this dispute. When a Court's subject matter jurisdiction is dependent solely on diversity jurisdiction and the Court finds that complete diversity does not exist, the Court must dismiss the suit. *Fox v. Bd. of Trustees of the State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994); *Price v. Phoenix Home Life Ins. Co.*, 44 F.Supp.2d 28, 32 (D.D.C. 1999).[3]

---

[3] Plaintiff filed a "notice" requesting that the Court place the case on the "inactive docket" while he seeks to retain counsel. The request will be denied. As plaintiff is the one who initiated this lawsuit, he is in no position to ask for a stay. He could have resolved his counsel issue before filing his case. In addition, and more importantly, since the Court concludes that plaintiff has failed to state a federal claim and that the Court lacks subject matter jurisdiction, no purpose would be served by staying this action. The motion for sanctions and a criminal referral filed by defendant Christian Civil Liberties Union will also be denied.

## IV. CONCLUSION

For the reasons stated above, the defendants' motions to dismiss will be granted.

A separate Order accompanies this Opinion.

                                               _____/s/_____
                                               PAUL L. FRIEDMAN
                                               United States District Judge

DATE: November 14, 2007